RICHARD R. MALMGREN, Executive Secretary, Judicial Council
Section 165.87 (2), Stats., created by ch. 29, sec. 1253, Laws of 1977, provides, in part:
 ". . . On or after January 1, 1978, whenever a court imposes a fine or forfeiture for a violation of state law or for a violation of a municipal or county ordinance except for state laws or such ordinances involving nonmoving traffic violations, there shall be imposed in addition a penalty assessment in an amount of 10% of the fine or forfeiture imposed. . . ."
You ask which offenses listed in the present uniform state deposit schedule are nonmoving traffic violations within the meaning of this statute.
Obvious examples of moving violations are speeding, failure to stop at a stop sign, illegal turns, failure to yield right of way, operating after revocation and drunk driving. In addition, an offense such as a muffler violation would be a moving traffic violation, because sec. 347.39 (1), Stats., says that no person shall operate on a highway any motor vehicle subject to registration without an adequate muffler. "No driver's license" is a moving violation because sec. 343.05 (1), Stats., provides that no person shall operate a motor vehicle upon a highway without a driver's license. Similarly, "failure to register vehicle" is a moving violation because sec. 341.04 (1), Stats., provides that it is unlawful for any person to operate on any highway any motor vehicle which is not registered or exempt. Most traffic violations are of this moving type. *Page 309 
Section 345.11 (1), Stats., provides that the uniform traffic citation shall be used in the case of moving traffic violations and may be used in the case of parking violations. This implies that parking violations are nonmoving traffic violations. Section345.28 (1), Stats., states in part:
 ". . . A nonmoving traffic violation is any parking of a vehicle in violation of a statute or an ordinance."
This definition is the key to understanding the term "nonmoving traffic violation." The definition is not complete. The word "parking" is not specifically defined in the statutes.
Thus, the question arises as to what offenses are "parking" violations. There may be certain types of violations which do not have operation of a motor vehicle as an element (e.g. failure to report change of name or address, sec. 341.335, Stats.) and thus could be considered "nonmoving violations." But, I am of the opinion that nonmoving violations apply only to parking offenses such as illegal parking or overtime parking. Other "parking violations" would be violation of ordinances, authorized by secs.349.13 and 349.14, Stats., regulating stopping, standing or parking, and violations of secs. 346.50 through 346.55, Stats., regulating stopping, standing or parking. These are the parking statutes. They include specific references to "stopping" and "standing" in addition to parking. While these three words may have slightly different connotations, they all involve a motionless motor vehicle. A close reading of the statutes indicates that the Legislature has used the three words interchangeably. See e.g. secs. 346.53 and 346.54, Stats. The words "nonmoving traffic violations" thus include all three terms.
It would serve no useful purpose to try to distinguish which of the stopping or standing violations might conceivably be considered moving violations. The penalties for nonmoving violations are usually small. Also, parking citations do not have to be processed through the court clerk's office. See sec. 345.28
(1), Stats. It is likely that the Legislature felt that attempting to collect the ten percent assessment against such violations would not be practical. You are therefore advised that the only violations exempt from the ten percent penalty assessment are violations of ordinances adopted under secs.349.13 and 349.14, Stats., and violations of secs. 346.50 through346.55, Stats.
BCL:AH *Page 310